IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES M. BADGER<br>MARCUS A. BENJAMIN<br>SEAN P. BYRNES<br>CHELSIE L DELPERUTO<br>KRISTYN V. DRAKE<br>JEFFERY M. FITTS<br>PENNY L. GUERRERA<br>CHRISTOPHER L. HATFIELD<br>SAVANNA L. HILKER<br>CHADD T. HINES<br>BRADLEY N. LAMAN<br>KIMBERLY A LAWRENCE<br>ERIC B. PERINE<br>SETH D. ROWLAND<br>KEVIN J. SCIARRINO<br>MELISSA M TAYLOR<br>TYLER G. ZACCK<br><br>          Plaintiffs,<br><br>          v.<br><br>CITY OF CORTLAND,<br>          Defendant. | Case No. 5:23-cv-844 (TJM/ATB) _____<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

**COMPLAINT**

Plaintiffs, by and through their counsel, the law firm of McGillivary Steele Elkin LLP, and the law firm of Isaacs Devasia Castro & Wein LLP, for their complaint against the City of Cortland, New York ("Defendant" or "City"), state as follows:

**INTRODUCTION**

1.     Plaintiffs are current and former employees of the Defendant, City of Cortland, New York, who work or have worked as police officers up to the rank of Captain for the Cortland Police Department. Plaintiffs bring this action for a declaratory judgment, back pay, and other

relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the Defendant's willful and unlawful violations of federal law complaint of herein.

2. Plaintiffs bring this action against Defendant as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) because of Defendant's unlawful deprivation of Plaintiffs' right to overtime compensation under the FLSA. The Plaintiffs are similarly situated to each other because they have been subject to the same policies and/or practices that violate the FLSA whereby the Defendant fails to properly calculate the regular rate of pay upon which Plaintiffs' overtime rate is based.

## PARTIES

3. Plaintiffs, all of whom are listed in Exhibit A, have given their written consent to be Party-Plaintiffs in this action pursuant to 29 U.S.C. § 216(b). The written consent forms attached as Exhibit A set forth each Plaintiff's name and address.

4. Each of the Plaintiffs in this action, while employed by Defendant, has been an "employee" within the meaning of FLSA, 29 U.S.C. § 203(e)(1).

5. Defendant City of Cortland is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). The City of Cortland has a principal office and place of business located at 25 Court Street, Cortland NY, 13045.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b)

7. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b) because the acts, events, or omissions given rise to the claim occurred in this District.

## FACTS

8. Plaintiffs are, and at all times material herein have been, employed by the Cortland Police Department as police officers.

9. The City of Cortland and the Cortland Police Benevolent Association have entered into an agreement set forth in a Collective Bargaining Agreement (CBA).

10. According to the CBA, the City will provide health insurance to employees, and pay 84% of the total costs of the insurance for each employee. In exchange for this coverage, employees who opt-in to the health insurance coverage contribute the remaining 16% of the total employee costs per month out of their paycheck.

11. The City pays the insurer, Blue Cross Blue Shield, for the employees' health coverage.

12. Plaintiffs and all others similarly situated had the option to receive health insurance coverage through the City.

13. In *Flores v. City of San Gabriel*, the Ninth Circuit Court of Appeals held that cash-in-lieu of benefits payments made to employees who opt-out of employer-provided health insurance cannot be excluded from the regular rate of pay under the Fair Labor Standards Act. 824 F.3d 890, 902 (9th Cir. 2016).

### *Cash in Lieu of Benefits*

14. Under the CBA, Plaintiffs and all others similarly situated have the option to opt out of the health insurance coverage, if they have other health care coverage through their spouses or parent's employer, or for other reasons.

15. Employees who elect to opt out of health care coverage receive a cash payment from the City. A member who is eligible but opts out of family coverage receives $5,000.00

annually from the City. A member who is eligible but opts out of single coverage will receive $2,500.00 annually from the City.

16. The cash in lieu of benefits payment is paid by the City directly to the Plaintiffs and all others similarly situated.

17. Plaintiffs and all others similarly situated have been exercising their option to receive the cash back payment for the unused portion of their medical benefits.

18. The City excludes the cash in lieu of benefits payments when it calculates the Plaintiffs' regular rates of pay for purposes of paying the Plaintiffs' overtime compensation.

19. Under 29 U.S.C. § 207(e)(4), payments made by an employer "to a trustee or third person pursuant to a bona fide plan" for health insurance are excludable from the regular rate.

20. The cash payments made in lieu of benefits are not made to a trustee or third party, but rather, directly to the employees who choose to opt out. Therefore, these cash in lieu of benefits payments do not meet the requirements under the FLSA to be excluded from the regular rate of pay.

21. However, Defendant has failed to include the cash in lieu of benefits payments in its calculation of the rate at which it pays overtime to the Plaintiffs and excludes such payments from the Plaintiffs' regular rates of pay.

22. Plaintiffs and all others similarly situated have worked extensive overtime hours. However, the overtime rate that Plaintiffs were paid for the overtime hours worked did not include the cash in lieu of benefits payments because Defendant failed to include them in Plaintiffs' regular rate of pay.

23. Defendant knew or should have known of their obligation to include the cash in lieu of benefits payments owed to Plaintiffs in their regular rate of pay but nevertheless failed to

do so. Thus, Defendant failed to pay overtime compensation to the Plaintiffs and all others similarly situated at the rate of one and one-half times their regular rate of pay.

24. Defendant acted voluntarily and deliberately in maintaining an intentional practice of failing to compensate Plaintiffs and all others similarly situated in accordance with the FLSA.

### *Retroactive Overtime Pay*

25. On June 21, 2022, the Cortland Police Benevolent Association and Defendant negotiated and entered into a new Collective Bargaining Agreement.

26. The Collective Bargaining Agreement provides for a retroactive pay increase of $2,500.00 for services rendered in 2021.

27. Upon information and belief, the City paid these retroactive pay increases to Plaintiffs and all others similarly situated in the form of a lump sum.

28. However, while Defendant paid the retroactive pay increases, Defendant failed to use the retroactive pay increase to recalculate Plaintiffs' regular rates of pay in the years to which the retroactive pay increases applied.

29. By failing to recalculate the regular rate of pay using the retroactive pay increase, Defendant failed to pay Plaintiffs and all others similarly situated the proper overtime rate of one- and one-half times their regular rate of pay.

### COUNT I

**FAILURE TO PROPERLY CALCUATE THE REGULAR RATE OF PAY FOR PLAINTIFFS IN VIOLATION OF SECTION 7 OF THE FLSA – HEALTH INSURANCE PAYMENTS AND PAYMENTS IN LIEU OF HEALTH INSURANCE**

30. Plaintiffs hereby incorporate paragraphs 1 through 29 in their entirety.

31. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.

32. As an exception, 29 U.S.C. § 207(e)(4) allows "contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees" to be excluded from the regular rate of pay.

33. Defendant has failed to include cash in lieu of benefits payments in Plaintiffs' regular rate of pay for purposes of computing overtime pay entitlements of Plaintiffs and all others similarly situated. Defendant's failure to include the cash in lieu of benefits payments in Plaintiffs' regular rates of pay violates Section 7 of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.215. The failure to include the cash payments in Plaintiffs' regular rates means that when Plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

34. Defendant knew or should have known of its obligation under *Flores*, 824 F.3d 890 (9th Cir. 2016) to include the cash in lieu of benefits payments in the regular rate of pay, but nevertheless failed to do so.

35. As a result of Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been determined. The employment and work records for the Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession, custody, and control of Defendant and its public agencies, so Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Plaintiffs and all others similarly situated form which the amount of Defendant's liability can be ascertained.

36. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

37. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

### FAILURE TO PROPERLY CALCUATE THE REGULAR RATE OF PAY FOR PLAINTIFFS IN VIOLATION OF SECTION 7 OF THE FLSA – RETROACTIVE OVERTIME PAYMENTS

38. Plaintiffs hereby incorporate paragraphs 1 through 29 in their entirety.

39. Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.

40. Defendant has failed to re-calculate Plaintiffs' regular rate of pay in accordance with retroactive pay increases they received as a result of a newly negotiated CBA. When an employee receives a retroactive pay increase, Defendant has an obligation to retroactively re-calculate the regular rate of pay and adjust the employee's overtime pay for the retroactive time period. 29 C.F.R. § 778.303. Defendant's failure to recalculate the regular rate and recalculate overtime pay violates Section 7 of the FLSA. The failure to recalculate the regular rate of pay based on retroactive pay increased means that when Plaintiffs received paid overtime for working over 40 hours week, they were paid a rate that is below the rate mandated by the FLSA.

41. As a result of Defendant's systemic, continuing, willful, and purposeful violations of the FLSA, there have become due and owing to Plaintiffs and all others similarly situated an amount that has not yet been determined. The employment and work records for the Plaintiffs and all others similarly situated reflecting such ongoing violations are in the exclusive possession,

custody, and control of Defendant and its public agencies, so Plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the Plaintiffs and all others similarly situated form which the amount of Defendant's liability can be ascertained.

42. Pursuant to 29 U.S.C. § 216(b), Plaintiffs and all others similarly situated are entitled to recover liquidated damages in an amount equal to their backpay damages for the Defendant's failure to pay proper overtime compensation.

43. Plaintiffs and all others similarly situated are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**DEMAND FOR A JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand that their claims be tried before a jury.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs hereby pray that this Court:

(a) Order a complete and accurate accounting of all compensation to which the Plaintiffs and all others similarly situated are entitled;

(b) Award Plaintiffs and all others similarly situated monetary liquidated damages equal to their unpaid compensation;

(c) Award Plaintiffs and all others similarly situated interest on their unpaid compensation;

(d) Award Plaintiffs and all others similarly situated their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

DATE: July 13, 2023

Respectfully submitted,

/s/ Sarah M. Block
Sarah Block
Gregory K. McGillivary
Rachel Lerner
McGILLIVARY STEELE ELKIN LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
smb@mselaborlaw.com
gkm@mselaborlaw.com
rbl@mselaborlaw.com

/s/ Steve Isaacs
Steve Isaacs
ISAACS DEVASIA CASTRO & WIEN LLP
80 Broad Street, 5th Floor
New York, NY 10004
Phone: (917) 551-1300
sisaacs@idcwlaw.com